IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE CARROLL, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:24-CV-1887-E-BK |
| | § | |
| CC MAPLE LLC, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On July 22, 2024, Plaintiff Charlotte Carroll, a resident of Arlington, Texas, filed a "Petition for a Writ of Certiorari," which has been construed as a civil rights complaint, against CC Maple LLC. *See* Doc. 3. Carroll challenges a Texas county court's December 5, 2022 dismissal of her action relating to the Texas Eviction Diversion Program, and the state appellate court's subsequent affirmance of the county court's judgment. *See id.*; *Carroll v. CC Maple LLC*, No. CC-20-05637-C (County Court at Law No. 3, Dallas County, Dec. 5, 2022); *Carroll v. CC Maple, LLC*, No. 05-22-01357-CV, 2024 WL 725501 (Tex. App. – Dallas Feb. 22, 2024, no pet.). Carroll "attacks this [state trial court's] judgment directly as it is a void judgment and a void judgment is a nullity from the beginning, and is attended by none of the consequences of a

valid judgment." Doc. 3 at 7 (emphasis omitted); *see also id.* at 12-13. According to Carroll, because the state trial court's judgment was void, the state appellate court was required "to dismiss the appeal and set aside the lower court's judgment[,]" but "[t]hese things did not happen." *Id.* at 13. She contends that "[b]y passing judgment in a cause of action where no jurisdiction existed[,]" the state trial and appellate courts violated her constitutional rights and state and federal criminal laws. *Id.* at 8. Carroll "demands all judgments concerning this cause of action to be rendered moot as they are not valid according to the standards." *Id.* at 14.

Upon review, Carroll's complaint should be dismissed for want of jurisdiction.[1]

**II. ANALYSIS**

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Although federal courts unquestionably have jurisdiction over civil rights claims, by virtue of the *Rooker-Feldman* doctrine,[2] "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of Tex.*, 18

---

[1] Although Carroll moved to proceed *in forma pauperis*, her motion is insufficient for the Court to determine whether she could proceed *in forma pauperis*. Her responses indicate that she personally has $600 available in her checking account, $800 in assets, and $300 in monthly expenses. *See* Doc. 4. She also states that her husband, whom she is no longer with, recently lost his job but "pays the bills for now." *Id.* at 5.

[2] This doctrine takes its name from two Supreme Court decisions: *Dist. of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

F.3d 315, 317 (5th Cir. 1994)). A federal complaint, even if framed as containing original claims for relief, attacks a state-court judgment for purposes of the *Rooker-Feldman* doctrine "when the [federal] claims are inextricably intertwined with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (alteration in original) (internal citations and quotation marks omitted); *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (citation and internal quotation marks omitted)). A claim is 'inextricably intertwined' with a state court judgment if, in order to find in the plaintiff's favor, the federal court would have to conclude that the state court wrongly decided the issues before it or would otherwise have to void the judgment. *Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Simply stated, a plaintiff cannot circumvent the *Rooker-Feldman* doctrine merely by recasting a complaint in the form of a federal civil rights action. *See Moore v. Whitman*, 742 F. App'x 829, 832 (5th Cir. 2018) (per curiam). Moreover, errors in state cases should be reviewed and settled through the state appellate process. *Rooker,* 263 U.S. at 415; *Weekly*, 204 F.3d at 615.

Here, Carroll's purported constitutional claims expressly attack the judgments of the state trial and state appellate courts, and they are inextricably intertwined with those state court rulings. *See* Doc. 3 at 7, 12-13. Moreover, she explicitly requests as relief in this action that this Court "render [ ] moot" the state judgments. *Id.* at 14. As such, her claims clearly fall within the ambit of the *Rooker-Feldman* doctrine, and this Court lacks jurisdiction to consider them; Carroll's only recourse for challenging the state judgments is through the state appellate process and, at the federal level, through an application for a writ of certiorari to the United States

Supreme Court. *See, e.g.*, *Weekly*, 204 F.3d at 615 (quoting *Liedtke*, 18 F.3d at 317). Accordingly, the complaint should be dismissed for lack of jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged by Carroll in her complaint demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Carroll's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 17, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).